# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP T. RICKER,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS MEDICAL DEPARTMENT, et al.,<br><br>    Defendants. | CASE NO. 1:09-cv-01433-LJO-YNP PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT, OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN 30 DAYS |

Plaintiff Phillip T. Ricker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at Corcoran State Prison at the time the events in his complaint took place. Plaintiff is suing under section 1983 for the violation of his rights under Eighth Amendment. Plaintiff names Dr. Moon, Dr. Kim, Dr. Dhah, Dr. Wang, Tellorbes, E. Lopez, Alaape, LaVann, Hicks, Lambert, D. Stinger, and Anderson as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint states some cognizable claims. Plaintiff will be ordered to either file an amended complaint that cures the deficiencies in his non-cognizable claims, or notify the Court that he is willing to voluntarily dismiss the non-cognizable claims and proceed only on the claims found to be cognizable in this order.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.   Background**

Plaintiff alleges that he suffers from an injury to his right shoulder. Plaintiff contends that the shoulder causes pain that is so intense that he cannot sleep. Plaintiff alleges that he was cleared to receive medial treatment from inmate appeals that were granted on four separate occasions. Plaintiff alleges that Defendants Moon, Kim, Dhah and Wang were fully aware of Plaintiff's need for an MRI and surgery on his right shoulder, but failed to provide the necessary treatment.

On July 5, 2009, Plaintiff informed Defendant Tellorbes that he was in excruciating pain and he needed to see a doctor. Tellorbes denied Plaintiff's request. An hour later, Plaintiff yelled man

down in his cell and Defendant Anderson made a derogatory remark and left Plaintiff in pain. Thirty minutes later, Tellorbes returned to the housing unit. Plaintiff's vitals were taken. Plaintiff alleges that his vitals were "extremely high" and he should have been seen by a doctor. Instead, Defendant Hicks refused to admit Plaintiff into the E.R. at the prison.

On July 6, 2009, Plaintiff informed Defendant E. Lopez that he was in excrutiating pain. Plaintiff's vitals were taken again. Defendant Stinger told Lopez that Plaintiff was faking it.

On July 7, 2009, Plaintiff told Defendant LaVann that he was in so much pain that it was bringing tears to his eyes. Plaintiff was refused treatment. Later that day, Plaintiff told Defendant Alaape that he was having chest pains. Defendant Lambert came to Plaintiff's cell and asked Plaintiff if he was having chest pain. Plaintiff replied "yes." Stinger then told Alaape to not provide treatment.

**III.     Discussion**

    **A.     Eighth Amendment Claims**

Plaintiff claims that Defendants' failure to provide medical treatment for his excruciating should pain violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety".

Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id. However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff does not allege any details as to how Defendants Moon, Kim, Dhah and Wang failed to provide medical treatment for his injured shoulder. Plaintiff only provides abstract conclusions that the doctors were aware of his need for treatment, and did not provide treatment. Plaintiff does not explain how Moon, Kim, Dhah and Wang were made aware of Plaintiff's need for treatment-- Plaintiff does not allege whether the doctors personally saw Plaintiff and diagnosed him, whether Plaintiff informed them through an inmate appeal, or whether Plaintiff merely presumes that they know because they have access to Plaintiff's medical files. Nor does Plaintiff provide any details regarding how they failed to provide treatment. Plaintiff does not allege that they directly refused a request for treatment, or whether Plaintiff is suing all of the doctors at the prison because none of

4

them provided any treatment for Plaintiff. It is not clear whether the doctors had a duty to treat Plaintiff. Plaintiff's abstract conclusions that each doctor was aware of Plaintiff's need for treatment and did not provide treatment is not sufficient to establish deliberate indifference. For example, liability would not attach if a doctor was aware of a patient's need for medical treatment but did not provide treatment because he was not the patient's doctor and was under the assumption that another doctor would take care of it. Plaintiff must allege facts that show the each Defendant was aware that their failure to act would have inflicted wanton and unnecessary pain on Plaintiff.

Plaintiff's allegations against Defendants Tellorbes, Anderson, Hicks, Lopez, Stinger, LaVaan, Alaape, and Lambert are sufficient to support a claim for deliberate indifference to his medical needs. Plaintiff alleges that he directly informed these Defendants that he was in excruciating pain and that in response they either ignored or denied his requests for medical treatment. Plaintiff has alleged facts that demonstrate that these Defendants were both aware of his serious need for medical treatment and responded with deliberate indifference by ignoring or denying his requests for treatment. Plaintiff states cognizable claims against Defendants Tellorbes, Anderson, Hicks, Lopez, Stinger, LaVaan, Alaape, and Lambert.

### B.     **Plaintiff's Exhibits**

Plaintiff has attached approximately 29 pages of exhibits to his complaint. Plaintiff fails refer to this exhibits in his complaint or provide an adequate explanation of what the exhibits are and how they are relevant to his claims. Plaintiff is advised that while exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim", Plaintiff is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them as evidence at later stages in litigation. This court will not serve as a storehouse for Plaintiff's

evidence. Evidence should not be submitted to the court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the court. Further, if and when this action does reach an appropriate stage in litigation for the submission of evidence, Plaintiff will not be able to refer to exhibits attached to his complaint as evidence. Evidence must be submitted at the proper time and under the proper procedures. Attaching exhibits to the complaint is not the proper procedure for admitting evidence for the purpose of proving Plaintiff's allegations.

Further, the Court will not permit Plaintiff to rely exclusively on exhibits for the presentation of the critical facts to his case. Rule 8 requires Plaintiff to provide a "short and plain" statement of his claims. Plaintiff may not attach a large number of exhibits to his claims with the expectation that the Court will read the exhibits and extract the necessary factual pieces to construct a cognizable claim on Plaintiff's behalf. The burden of presenting the facts of his case in a "short and plain" manner must be carried by Plaintiff--the Court will not do the work for him. Plaintiff will not be allowed to dump his medical file on the Court's lap and expect the Court to figure out what happened to him. Although the Court will liberally construe Plaintiff's complaint, sifting through unidentified medical and prison documents and formulating claims on Plaintiff's behalf crosses the line between liberal construction and essentially advocating on Plaintiff's behalf. To the extent that the factual deficiencies in Plaintiff's claims are cured by facts revealed in his exhibits but not in the body of his complaint, Plaintiff is advised that he should file an amended complaint that specifically alleges those facts instead of relying exhibits to present those facts.

**IV.     Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendants Tellorbes, Anderson, Hicks, Lopez, Stinger, LaVaan, Alaape, and Lambert for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in

///

his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff eight (8) summonses and eight (8) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged

in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Tellorbes, Anderson, Hicks, Lopez, Stinger, LaVaan, Alaape, and Lambert for deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **January 4, 2010**         /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE