## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP T. RICKER,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS MEDICAL, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:09-cv-01433-LJO-GBC (PC)<br><br>ORDER PROVIDING PLAINTIFF OPTION TO (1) STAND ON EXISTING OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR (2) FILE AMENDED OPPOSITION PER AMENDED SECOND INFORMATIONAL ORDER<br><br>Docs. 39, 46<br><br>TWENTY-ONE DAY DEADLINE |

### I. Procedural History, *Woods v. Carey,* and Contemporaneous Notice

On August 14, 2009, Phillip T. Ricker ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On August 26, 2010, this Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of willingness to proceed on his a cognizable claim against Defendants Anderson, Hicks, La Vaan, Lambert, Lopez, and Stinger ("Defendants")[1] for Eighth Amendment deliberate indifference to medical need. Doc. 14. On September 8, 2010, Plaintiff notified the Court of his willingness to proceed on his cognizable claim against Defendants. Doc. 15. On December 15, 2010, the Court issued a second informational order, advising Plaintiff that Defendants may file a motion for summary judgment and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). Doc. 20. On April 27, 2012, Defendants filed a motion for summary judgment. Doc. 39. On May 1, 2012, Defendants filed the declaration of J. Moon, M.D. Doc. 41. On May 23, 2012, Plaintiff filed an opposition to the motion for summary judgment. Doc. 46. On May 30, 2012, Defendants filed a Reply to Plaintiff's opposition. Doc. 49.

On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for

---

[1] The Court previously dismissed Defendants Alaape, Dhah, Kim, Moon, Tellorbes, and Wang. Docs. 17, 33.

opposing a defendant's motion for summary judgment should be issued contemporaneously when a defendant files a motion for summary judgment, as opposed to a year or more in advance. *Woods v. Carey*, --- F.3d ---, 2012 WL 2626912, at * 4 (9th Cir. Jul. 6, 2012). In order to address the time delay between providing notice and the filing of Defendants' motion, the Court issued an amended second informational order to Plaintiff, in accordance with *Woods*.

**II. Plaintiff has Option to (1) Stand on Existing Opposition to Motion for Summary Judgment or (2) File Amended Opposition Per Amended Second Informational Order**

In light of the separately-issued amended second informational order and notice pursuant to *Woods*, the Court will provide Plaintiff with two options upon receipt of the notice and this order. Plaintiff may either (1) <u>stand</u> on his previously-filed opposition or (2) <u>withdraw</u> the existing opposition and <u>file an amended</u> opposition.

Accordingly, it is HEREBY ORDERED that:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff may elect to:
    a. <u>Stand</u> on his existing opposition already submitted to the Court; or
    b. <u>Withdraw</u> his opposition and <u>file an amended</u> opposition;
2. If Plaintiff does not elect to file an amended opposition in response to this order within **twenty-one (21) days**, the Court will consider his existing opposition in resolving Defendants' motion for summary judgment;
3. If Plaintiff elects to file an amended opposition, the Court will not consider Defendants' existing reply; and
4. Defendants may file an amended reply pursuant to Local Rule 230(l).

IT IS SO ORDERED.

Dated:   July 23, 2012

UNITED STATES MAGISTRATE JUDGE