# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP T. RICKER,<br><br>     Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS MEDICAL<br>DEPARTMENT, et al.,<br><br>     Defendants. | CASE NO. 1:09-cv-01433-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Doc. 39<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**Findings and Recommendations**

**I. Procedural Background and *Woods v. Carey***

On August 14, 2009, Phillip T. Ricker ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983, alleging failure to provide a toradol shot instead of tramadol for his shoulder pain. Doc. 1. On September 8, 2010, Plaintiff notified the Court of willingness to proceed on his cognizable claim against Defendants Anderson, Hicks, Levan,[1] Lambert, Lopez, and Stinger ("Defendants")[2] for Eighth Amendment deliberate indifference to medical need. Docs. 14, 15. On December 15, 2010, the Court issued a second informational order, advising Plaintiff that Defendants may file a motion for summary judgment and how Plaintiff must oppose the motion in order to avoid dismissal, pursuant to *Rand v. Rowland*, 154

---

[1] Defendant Levan's name is misspelled La Vann in the complaint.

[2] The Court dismissed Defendants Alaape, Dhah, Kim, Moon, Tellorbes, and Wang. Docs. 17, 33.

1  F.3d 952 (9th Cir. 1998). Doc. 20. On April 27, 2012, Defendants filed a motion for summary
2  judgment. Doc. 39. On May 1, 2012, Defendants filed the declaration of J. Moon, M.D. Doc. 41. On
3  June 25, 2012, Plaintiff filed an opposition and a response to the motion for summary judgment.
4  Docs. 43, 44. On July 11, 2012, Defendants filed a Reply to Plaintiff's opposition. Doc. 45.
5        On July 6, 2012, the Ninth Circuit found that the notice and warning of requirements for
6  opposing a defendant's motion for summary judgment should be issued contemporaneously when
7  a defendant files a motion for summary judgment, as opposed to a year or more in advance. *Woods*
8  *v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012). On July 23, 2012, the Court issued an amended second
9  informational order to Plaintiff, in accordance with *Woods*, and provided Plaintiff with twenty-one
10 (21) days to stand on his existing opposition or withdraw his opposition and file an amended
11 opposition. Docs. 46, 47. The Court notified Plaintiff that if he does not elect to file an amended
12 opposition in response to the order within twenty-one (21) days, the Court will consider his existing
13 opposition in resolving Defendants' motion for summary judgment. Doc. 46. On August 13, 2012,
14 Plaintiff submitted a sur-reply but did not submit an amended opposition. Doc. 48. Thus, the Court
15 will decide Defendants' motion on Plaintiff's existing opposition.

## II. Legal Standard for Summary Judgment

17       Summary judgment is appropriate when it is demonstrated that there exists no genuine issue
18 as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R.
19 Civ. P. 56(a). Under summary judgment practice, the moving party:

> [A]lways bears the initial responsibility of informing the district court
> of the basis for its motion, and identifying those portions of "the
> pleadings, depositions, answers to interrogatories, and admissions on
> file, together with the affidavits, if any," which it believes
> demonstrate the absence of a genuine issue of material fact.

23 *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the
24 burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made
25 in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"
26       *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing
27 party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec.*
28 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence

of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. In resolving the summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

### III. Plaintiff's Response to Motion for Summary Judgment

In Plaintiff's response to the motion for summary judgment, he does not address Defendants' undisputed facts but instead lists his own undisputed facts, many of which are irrelevant. *See* Pl. Opp'n, Doc. 43. He attaches a declaration that simply states to refer to all exhibits to dispute the facts of the case. *See id.* at 171. Plaintiff attaches one hundred and sixty-one pages of exhibits. *See id.* at 10-171. In response to a motion for summary judgment, a plaintiff cannot simply restate his allegations from the complaint. *See Beard v. Banks*, 548 U.S. 521, 534 (2006) (citing Fed. R. Civ. P. 56(e)). Rule 56(e)(2) of the Federal Rules of Civil Procedure provides that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must-by affidavits or as otherwise provided in this rule-set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e). If the moving party's statement of facts are not controverted in this manner, a court may assume that the facts as claimed by the moving party are admitted to exist without controversy. *Beard*, 548 U.S. at 527. The Court "is not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir.1988)). Instead, the "party opposing summary judgment must direct the Court's attention to specific triable facts." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

Statements in a brief, unsupported by the record, cannot be used to create an issue of fact. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995). Thus, the Court considers Plaintiff's failure to properly refute Defendants' undisputed facts in considering the motion for summary judgment.

### IV. Relevant Allegations for Eighth Amendment Deliberate Indifference against Defendants Anderson, Hicks, Levan, Lambert, Lopez, and Stinger

At the time relevant to this case, Plaintiff was an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at California State Prison - Corcoran ("CSP-Corcoran"). Compl. at 1, Doc. 1.[3]

This case is proceeding against Defendants Anderson, Hicks, Levan, Lambert, Lopez, and Stinger for Eighth Amendment deliberate indifference to medical need on July 5, 6, and 7, 2009. Docs. 9, 14, 15.[4]

On March 28, 2009, Plaintiff had a follow-up for excessive sweating, a healed wound on left forearm, and medication renewal. Pl. Opp'n, Ex. at 54, Doc. 43. Plaintiff requested prescription for tramadol and morphine. *Id.* Plaintiff denied weight loss and anorexia. *Id.* Plaintiff was continued on tramadol, scheduled for the MD line in six to eight weeks, and denied morphine. *Id.*

On April 1, 2009, Plaintiff submitted a health request form, stating the tramadol is not working anymore. *Id.* at 55.

On June 24, 2009, Plaintiff was prescribed 60 mg x 1 of Toradol. *Id.* at 74.

On June 25, 2009, Plaintiff had an x-ray of his right shoulder due to complaints of pain. *Id.* at 82. The radiology report found, "old fracture . . . post surgical changes are noted . . . mild . . . defect is suspected . . . otherwise, there is no evidence for acute displaced fracture or dislocation." *Id.*

On June 30, 2009, Dr. Moon noted that Plaintiff was noncompliant in the exam. *Id.* at 84. Dr. Moon continued Plaintiff on tramadol. *Id.*

---

[3] Plaintiff is now incarcerated in Lancaster, California. Pl. Address Change, Doc. 8.

[4] The Court dismissed Defendants Alaape, Dhah, Kim, Moon, Tellorbes, and Wang. Docs. 17, 33.

1   On July 2, 2009, Plaintiff was referred for medical treatment for right shoulder rotator cuff
2   surgery from 1991, right shoulder blade area, complains of tingling to right hand. Pl. Opp'n, Ex. at
3   85. On July 3, 2009, the triage registered nurse received the medical treatment request. *Id.* Plaintiff
4   complained of right shoulder pain, onset all day, Plaintiff states wants to go to the emergency room
5   for a Toradol shot. *Id.* The nurse did an examination, noted that Plaintiff's request was routine, and
6   referred Plaintiff to the MD line. *Id.*
7   On July 5, 2009, Plaintiff yelled "man down," and alleges Defendant Anderson delayed
8   access to medical treatment by knowing of severe shoulder pain and refuse to get medical for three
9   (3) hours later. Pl. UF No. 30, Doc. 43; Pl. Resp. at 8, Doc. 44.
10  On July 5, 2009, Plaintiff talked to Defendant R.N. Hicks via phone, told her he was in
11  extreme pain, needed to come to the emergency room for toradol shot, but she refused. Pl. UF No.
12  32, Doc. 43. L.V.N. Lopez listened to correctional officers Stinger and Lambert saying that Plaintiff
13  was a malingerer. *Id.* at No. 41. Plaintiff forgoes a citizen's complaint towards officer Stinger. *Id.*
14  at No. 43. Defendant Lambert influenced medical staff not to treat Plaintiff. *Id.* at No. 47.
15  On July 6, 2009, Plaintiff submitted a request for medical treatment for right shoulder pain.
16  Pl. Opp'n, Ex. at 143, Doc. 43. On July 6, 2009, the triage registered nurse examined Plaintiff and
17  noted he was holding his breath during the blood pressure reading to manipulate the results. *Id.* The
18  nurse did an examination, noted that Plaintiff's request was routine, and referred Plaintiff to the
19  primary care provider. *Id.*
20  On July 7, 2009 and July 8, 2009, Plaintiff complained of right neck and shoulder pain. Pl.
21  Opp'n, Ex. at 119. The nurse wrote, "ongoing complaint, has been seen several times for same
22  complaint." *See id.* "Ordered Tylenol 600 mg x 7 days and RN followup." *Id.*
23  On July 8, 2009, Plaintiff submitted a request for medical treatment for right shoulder pain.
24  *Id.* at 88. Between July 8, 2009 and July 9, 2009, the triage registered nurse examined Plaintiff and
25  noted no swelling, warm, dry skin, intact, no tingling, numbness, discoloration. *Id.* The nurse did an
26  examination, noted that Plaintiff's request was routine, and referred Plaintiff to the primary care
27  provider for right shoulder evaluation. *Id.*
28  //

**V. Legal Standard and Analysis for Plaintiff's Claim**

**A. Eighth Amendment Deliberate Indifference to Serious Medical Need and Linkage**

**1. Legal Standard**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*,

126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care at the time of observation would conclude with reasonable medical certainty that: (1) the prisoner's symptoms evidenced a serious disease or injury; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." *Id.* at 48; *see also Sanchez*, 891 F.2d at 242. In addition, gross negligence is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Plaintiff is not permitted to dictate his medical treatment. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood*, 900 F.2d at 1334 (gross negligence

insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

### 2. Analysis

Notwithstanding Plaintiff's failure to properly refute Defendants' undisputed facts, Plaintiff's allegations have not established a genuine issue of material fact for trial as to his claim against Defendants Anderson, Hicks, Levan, Lambert, Lopez, and Stinger for Eighth Amendment deliberate indifference on July 5, 6, and 7, 2009.

Plaintiff alleges Defendants failed to sufficiently treat him for shoulder pain. Plaintiff's own response, opposition, and exhibits submitted by Plaintiff with his opposition establish that he was seen almost every day for shoulder pain, and each time, the nurse evaluated Plaintiff, continued him on pain reliever, referred him to the MD line, and found his request routine and <u>not</u> an emergency. Pl. UF Nos. 30, 32 & Pl. Opp'n, Ex. at 85, 88, 119, 143, Doc. 43; Pl. Resp. at 8, Doc. 44. Plaintiff's exhibits also establish that he was noncompliant during an exam with Dr. Moon on June 30, 2009, and holding his breath during a nurse exam on July 6, 2009, in an attempt to manipulate the blood pressure reading. Pl. Opp'n, Ex. at 84, 143, Doc. 43.

Plaintiff alleges Defendant Anderson failed to refer him to medical attention for three hours. First, it is apparent from Plaintiff's own response, opposition, and exhibits submitted by Plaintiff with his opposition that he was not lacking in medical attention for shoulder pain originating from 1991. Second, even taking Plaintiff's allegations as true, he was only delayed treatment for three hours for routine shoulder pain originating from 1991, and this does not establish deliberate indifference. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious

medical needs. *McGuckin*, 974 F.2d at 1060 (citing *Shapely*, 766 F.2d at 407).

Plaintiff repeatedly claims that he needed a toradol shot instead of tramadol or Tylenol. As a matter of law, <u>differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs</u>. *Jackson*, 90 F.3d at 332 (emphasis added). Plaintiff fails to point to a dispute of fact for his assertion of deliberate indifference to a serious medical need because that high standard requires that the defendant actually *knew of and acted in conscious disregard* of a known serious risk. *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059.

Thus, even with liberal construction, Plaintiff's complaint and opposition to the motion for summary judgment does not show deliberate indifference to a medical need because neither mere negligence or medical malpractice, nor a mere delay in medical care, <u>nor a difference of opinion over proper treatment</u>, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez*, 891 F.2d at 242; *Shapley*, 766 F.2d at 407 (emphasis added).

Plaintiff has not established a genuine issue of material fact for trial as to his claim against Defendants for Eighth Amendment deliberate indifference.

### VI. Conclusion and Recommendation

Plaintiff has "failed to point to 'specific facts' in the record that could 'lead a rational trier of fact to find' in his favor. *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e))." *Beard*, 548 U.S. at 535. Accordingly, pursuant to Rule 56 of the Federal Rules of Civil Procedure, it is HEREBY RECOMMENDED that the Court GRANT Defendants' motion for summary judgment and that this action be DISMISSED, with prejudice.

//
//
//
//
//
//
//
//

     These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fifteen (15) days** after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     November 6, 2012

UNITED STATES MAGISTRATE JUDGE